UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| VITALIY VULYKH, | ) | CASE NO. 20-13002 |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |
| | ) | LAKE COUNTY |

NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Friday, September 18, 2020 at 11:00 a.m.,** I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in that judge's place, and present the **MOTION TO DISMISS CHAPTER 7 CASE**, a copy of which is attached.

**This motion will be presented and heard telephonically.** No personal appearance in court is necessary or permitted. To appear and be heard telephonically on the motion, you must set up and use an account with Court Solutions, LLC. You can set up an account at www.Court-Solutions.com or by calling Court Solutions at (917) 746-7476.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》》

*/s/ Ha M. Nguyen*
Ha M. Nguyen, Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
312-886-3320

**CERTIFICATE OF SERVICE**

I, Ha. M. Nguyen, an attorney, certify that I caused a copy of this notice, attached motion, exhibits and proposed order to be serviced on each entity shown on the attached service list at the address shown and by the method indicated on August 25, 2020 before 5:00 p.m.

*/s/ Ha M. Nguyen*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice:**

- **O Allan Fridman**    allanfridman@gmail.com, Fridman@IAmTheWolf.com;R64737@notify.bestcase.com
- **John E Gierum**    john@gierummantas.com, IL25@ecfcbis.com
- **Patrick S Layng**    USTPRegion11.ES.ECF@usdoj.gov

**Parties Served via First Class Mail**:

Vitaliy Vulykh
955 Knollwood
Buffalo Grove, IL 60089

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| VITALIY VULYKH, | ) | CASE NO. 20-13002 |
| | ) | |
| DEBTOR. | ) | HON. A. BENJAMIN GOLDGAR |
| | ) | LAKE COUNTY |

## MOTION TO DISMISS CHAPTER 7 CASE

Patrick S. Layng, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Ha M. Nguyen, hereby requests entry of an order pursuant to 11 U.S.C. § 707(b)(1) dismissing the above-captioned Chapter 7 case based on the unrebutted presumption of abuse under 11 U.S.C. § 707(b)(2). In support of his request for dismissal, the U.S. Trustee states as follows:

## JURISDICTION

1. The Court has jurisdiction to hear and determine this proceeding. *See* 28 U.S.C. § 157(b)(2), IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

## BACKGROUND

3. On June 26, 2020, Vitaliy Vulykh (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. On the voluntary petition, the Debtor states that he has primarily consumer debts. *See* Dkt. No. 1, page 6, quest 16. Thus, Section 707(b)(2) is applicable to this case.

3

5. Contemporaneous with the filing of the voluntary petition, the Debtor filed Schedules and a Statement of Financial Affairs. According to Schedule I, the Debtor is a certified registered nurse anesthetists (CRNA) at Resolute Anesthesia Illinois, S.C. The Debtor's non-filing spouse is employed at Alight Solutions. Together, the Debtor and his spouse earn $23,114.50 per month in gross income. The Debtor takes various deductions on Schedule I, and after accounting for monthly expenses of $12,469.30, the Debtor reports disposable income in the amount of $3.96.

6. According to Form 122A-1, the Debtor indicates that there are 4 people in his household and that he was above the median household income of that size in the state of Illinois. Specifically, the median household income for a family of 4 in Illinois is $103,074. The Debtor reports that his annual income is $243,375.72, which is $140,301.72 above the median. *See* Dkt. No. 2. As a result of being 236 percent above the median household income, the Debtor is required to file Form 122A-2 (the "Means Test") to determine whether the presumption of abuse arises in this case.

7. On the Means Test, the Debtor states that there is no presumption of abuse. The Debtor reaches this result by asserting deductions of which no documentary support was provided to the Chapter 7 Trustee and U.S. Trustee. Specifically, the Debtor incorrectly deducted $224 for "Public Transportation Expense" on Line 15, when the Debtor testified that he and his wife do not use public transportation. Moreover, the Debtor asserted $2,400 in deductions for "Childcare" on Line 21[1], and an additional $349 on Line 29 for "Education Expense." Line 29 states that "You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23." *See* Form

---

[1] The Debtor testified that the $2,400 deductions on Line 21 was for camp activities. The Debtor produced documents showing that camp activities were only $2,060 and not the $2,400 reported on Line 21.

4

122 A-2, Line 29. To date, the U.S. Trustee has requested, and the Debtor has failed to provide documentation for the deductions on Line 15 and Line 29.

8. The Section 341 Meeting was held on July 24, 2020. Within 10 days of the date of the Section 341 Meeting, on August 3, 2020, the U.S. Trustee filed a statement pursuant to Section 704(b)(1)(A) that this case is a presumed abuse. *See* Dkt. No. 12. The present motion to dismiss is filed within the 30 days of the filing of the statement. *See* 11 U.S.C. § 704(b)(2).

9. As part of the U.S. Trustee's review, an auditor from the Office of the U.S. Trustee reviewed the Debtor's submitted pay advices, Means Test, and Schedules, and confirmed that the Debtor overstated certain deductions on the Means Test. Attached as *Exhibit A* is a copy of the Affidavit of Andrew Hunt ("Hunt Affidavit") and his analysis of the Means Test. As set forth in the Hunt Affidavit, the Debtor has approximately $546 in monthly disposable income and there is a presumption of abuse.

## DISCUSSION

10. The filing of this case is an abuse under Section 707(b)(2) and should be dismissed pursuant to Section 707(b)(1). The Debtor incorrectly claims that there is no presumption of abuse on the Means Test. However, the presumption of abuse does, in fact, arise because the Debtor overstated his allowed deductions on the Means Test, and failed to assert any special circumstances to rebut the presumption of abuse. The U.S. Trustee's Means Test calculations, as explained more fully below, demonstrate that this case is an abuse under Section 707(b)(2) and the Court should dismiss this case or give the Debtor the opportunity to convert to Chapter 13 in lieu of dismissal.

11. Section 707(b)(2)(A)(I) requires the Court to presume that a debtor's chapter 7 filing is abusive "if the debtor's current monthly income reduced by amounts determined under clauses (I), (ii), (iii) and (iv) [of § 707(b)(2)(A)], and multiplied by 60 is not less than the lesser of

5

    (I)  25 percent of the debtor's non-priority unsecured claims in the case, or $8,175, whichever is greater; or,

    (II)  $13,650."

12. Stated differently, if after deducting all allowable expenses from a debtor's current monthly income, the debtor has less than $136.25 per month in monthly net income (*i.e.*, less than $8,175 to fund a 60-month plan), the filing is not presumed abusive. If the debtor has monthly income of more than $227.50 or $13,650 to fund a 60-month plan, the filing is presumed abusive. Finally, if the debtor has between $136.25 and $227.57 per month, the case will be presumed abusive if that sum, when multiplied by 60 months, will pay 25% or more of the debtor's non-priority unsecured debts.

13. If the presumption of abuse arises, a debtor may rebut it only by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative. *See* 11 U.S.C. § 707(c)(2)(B)(i). The debtor must provide a detailed explanation of the special circumstances, itemize and document each additional expense or adjustment of income, and attest under oath to the accuracy of the information provided. *See* 11 U.S.C. § 707(b)(2)(B)(ii) and (iii).

14. In this case, the Debtor's household income is 236 percent above the median household income. The Debtor earns $140,301.72 more than the average median household of his size. On the Means Test, the Debtor states that the presumption of abuse does not arise. The Debtor reaches this result by incorrectly claiming public transportation and educational expenses totaling $573. The Debtor testified at the 341 Meeting that he and his wife do not use public transportation. The U.S. Trustee further requested additional documentation for educational expenses in the amount of $224 since the Debtor previously claimed $2,400 in childcare. The Debtor failed to

provide any documentation showing that the $224 on Line 29 is an actual expense in additional to the $2,400 claimed for childcare.

15.    According to the U.S. Trustee's Means Test calculations on Form 122A-2, the Debtor's current monthly income is $20,281.[2] *See* Hunt Affidavit. The Debtor's monthly disposable income is $546, after deducting all allowable expenses in the amount of $17,605. The Debtor's disposable income, $546, when multiplied by 60 months is $32,760. Because the Debtor has over $227.57 in monthly disposable income and can fund a 60-month plan in excess of $13,650, his case is presumed to be abusive under Section 707(b)(2)(A)(i).

16.    Lastly, the Debtor has not alleged any special circumstances sufficient to rebut the presumption of abuse under Section 707(b)(2)(B)(I). Accordingly, the Court should dismiss this case pursuant to Section 707(b)(2).

**WHEREFORE**, based upon the reasons set forth above, the U.S. Trustee requests that this Court enter an order dismissing this case pursuant to 11 U.S.C. §707(b)(2) and grant any further relief as this Court deems just.

                    RESPECTFULLY SUBMITTED:

                    PATRICK S. LAYNG
                    UNITED STATES TRUSTEE

Dated: August 25, 2020          By: /s/ Ha M. Nguyen
                                    Ha M. Nguyen, Trial Attorney
                                    OFFICE OF THE U.S. TRUSTEE
                                    219 S. Dearborn, Room 873
                                    Chicago, Illinois  60604
                                    312-886-3320

---

[2] The U.S. Trustee used the Debtor's monthly gross income that is reported on Form 122A-1. On Form 122A-1, the Debtor reported gross income in the amount of $20,281.49. Notably, this amount is lower than the gross income that is reported on Schedule I. On Schedule I, the Debtor reported that his gross income is $23,114.50.