1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 7 |
| | ) | |
| **VITALIY VULYKH** | ) | CASE NO. 20-13002 |
| | ) | |
| DEBTOR. | ) | HON. A. BENAMIN GOLDGAR |
| | ) | |
| | ) | LAKE COUNTY |

**CERTIFICATION OF ANDREW HUNT IN SUPPORT
OF MOTION TO DISMISS CHAPTER 7 CASE**

I, Andrew Hunt, hereby certify and state:

1. I am over 18 years of age.

2. I am competent to provide this certification on behalf of the United States Trustee (UST) and have personal knowledge of the matters set forth herein. If called upon to testify, I can and will testify the matters set forth herein. I am duly authorized to submit this certification in support of the United States Trustee's Motion to Dismiss Chapter 7 Case (the "Motion to Dismiss").

3. I am an employee at the United States Department of Justice, Office of the United States Trustee located at 219 S. Dearborn St., Room 873, Chicago, IL 60604. My official title is Auditor.

4. I have the following professional experiences relevant to my review described in this Certification: B.A. in Business Administration, Concentration in Accounting (*cum laude*) from Morehouse College, Atlanta, GA; I am a Certified Public Accountant. Prior to my employment as an Auditor with the United States Trustee, I was the Audit Manager for Payroll and Payables at Chicago Public Schools, Tax Preparer, Auditor with Deloitte & Touche, LLP; and Auditor for the United States Postal Service, Office of the Inspector General.

5. My current job duties and responsibilities including reviewing bankruptcy schedules and documents filed in Chapter 7 and 11 cases. Additionally, I review bankruptcy cases for abuse under Section 707(b) of the Bankruptcy Code. This includes reviewing bankruptcy

**UST EXHIBIT A**

2

schedules and other financial documents to determine if there is disposable income available to pay creditors. To make the disposable income calculations below, I was tasked to review the Debtor's Petition, Schedules, and Statement of Financial Affairs.

### THE U.S. TRUSTEE'S ANALYSIS PURSUANT TO 707(b)(2)

6. I noted that line 15 (public transportation) is $224 on the Means Test, however during the meeting of creditors that Debtor indicated that he nor his wife use public transportation. Therefore, I determined that public transportation is overstated by $224. In addition, the UST requested supporting documentation from the Debtor corresponding to Line 29 (education expense) and the Debtor did not provide the documentation requested. As a result, I determined that line 29 (education expense) is overstated by $349. Based on my analysis Means Test total deductions are overstated by $573.

7. The Debtor's income is more than double the median income for a household of four. Furthermore, I determined that monthly disposable income was understated by $573 on the Means Test. Therefore, the total 5-year disposable income is understated by $34,380 and the resultant 5-year disposable income is $32,760 ($546*60 months). This is a presumed abuse case because the disposable 5-year income is greater than $13,650.

8. I am personally familiar with all of the statements made herein.

I certify under penalty of perjury under the laws
of the United States of America that the foregoing
is true and correct pursuant to 28 U.S.C. § 1746.

Executed on this 19th day of August, 2020 in Chicago, Illinois.

*Andrew D Hunt*
Andrew Hunt

**UST EXHIBIT A**

**U. S. Trustee's Analysis Of The Debtor's Means Test**

**In re** Vulykh

**Case #** 20-13002
**Number of Dependents**
**Total Household Size** 4
**Monthly Median Income** $8,590
**UST Adjusted Income/Median** 236% 4*

|  | Debtor Means Test | UST 707b2 Analysis | Variance (Understated) Overstated | Notes |
|---|---|---|---|---|
| Current Monthly Income | $20,281 | $20,281 | $0 | |
| Spouse Income Deducted | $2,130 | $2,130 | $0 | |
| **Total Current Monthly Income** | $18,151 | $18,151 | $0 | |
| **Deductions to Income** | | | | |
| Line 15 Public Transportation | $224 | $0 | $224 | 1* |
| Line 29 Educational Expense | $349 | $0 | $349 | 1* |
| Oher deductions | $17,605 | $17,605 | $0 | |
| **Total Deductions** | $18,178 | $17,605 | $573 | 1* |
| **Monthly Disposable Income** | ($27) | $546 | ($573) | 2* |
| For the next 60 months (5 Years) | 60 | 60 | | |
| **Total 5 Year Disposable Income** | (1,620) | 32,760 | ($34,380) | 2* |
| **Presumed Abuse** | No | Yes | | 3* |

**1*** The Debtor testified at the meeting of creditors that he nor his wife used public transportation. Therefore, the UST reduced Line 15 to $0 and determined that Line 15 was overstated by $224. In addition, we requested supporting documentation from the Debtor corresponding to Line 29 education expense and the Debtor did not provide the documentation requested. As a result we reduced Line 29 to $0 and determined Line 29 was overstated by $349. Based on our analysis total deductions on the Means Test are overstated by $573.

**2*** The UST deteremined that monthly disposable income was understated by $573 on the Means Test. Therefore, total 5 year disposable income was understated by $34,380 and the resultant 5 year disposable income was $32,760.

**3*** The UST has determined that this case is a presumed abuse case because disposable income over a 5 year period is above $13,650.

**4*** The Debtor's income is more than double the median income for a household of 4.

**UST EXHIBIT A**